### Levi Coleman v. The State.

#### No. 2029. Decided November 13, 1912.

**1.—Theft—Evidence—Identity of Property.**

Where, upon trial of theft, the prosecuting witness positively identified the sack as the one in which he kept the money when it was stolen, there was no error in permitting the officer to testify that he took this property off of the defendant when he arrested him.

**2.—Same—Evidence—Indictment.**

Where, upon trial of theft, the court excluded the admission of another indictment against a third party on the ground that it was not admissible for the purpose for which it was offered, there was no error.

**3.—Same—Bill of Exceptions—Motion for New Trial.**

In the absence of bills of exceptions, the grounds in the motion for new trial with reference to the admission of testimony do not verify defendant's objection.

**4.—Same—Charge of Court—Practice on Appeal.**

Complaints to the charge of the court which are raised for the first time in the Appellate Court can not be considered; besides, there was no reversible error.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*O. S. York,* for appellant.

*C. E. Lane,* Assistant Attorney-General, and *Miles Crowley,* County Attorney, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of theft, and his punishment assessed at two years confinement in the penitentiary.

When appellant was arrested something over $200 was taken off his person, as was also a cloth bag or sack. The officer making the arrest testified to taking the property off of appellant. The prosecuting witness positively identified the sack as the one in which he kept the money when it was stolen, among other things being able to identify it by the way it was sewed, and its being stitched, where mended, with both white and black thread; he also testified to the denomination of the bills lost by him, and this tallied with the money taken off of appellant. The court did not err in admitting all this testimony, and the sack and money in evidence.

The defendant offered in evidence an indictment against one Nelse Jefferson, in which the said Jefferson was charged with this same offense, and when objected to by the State appellant stated his reasons for desiring the introduction of the indictment. The court sustained the objection, to which appellant excepted. The court did not err in excluding the testimony, as it was not admissible on the grounds stated by appellant, and as qualified by the court in approving the bill no error is presented.

There are several grounds stated in the motion. for new trial we can not consider, as no bills were reserved, for under such circumstances the grounds in the motion for new trial do not verify the fact that such proceedings occurred nor testimony introduced.

The charge fully and fairly presents every issue in the case, and we can not consider those complaints of the charge raised for the first time in this court. The law requires that such matters must be pre-

sented in the motion for new trial or by bill of exceptions, and when not presented in either way, we will not discuss the matter complained of. In this instance, it being but a mere clerical error, if it had been presented in the motion for new trial, it is not such an error as would necessitate a reversal of the case.

The judgment is affirmed.

*Affirmed.*