NIVIN KILGORE V. THE STATE.

No. 23808. Delivered November 19, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the murder with malice of E. G. Edwards and given a sentence of ten years in the state penitentiary, from which he appeals.

The record shows that Mrs. Virgie Edwards, wife of the deceased, had been previously married and had six sons by former marriages; that the deceased did not get along amicably with the sons; that there was also discord between himself and his wife. It was shown that Mrs. Edwards, the wife of deceased and mother of appellant, had had some difficulties during her married life with the deceased: that they had been divorced at one time and remarried: that she had been the recipent of violence inflicted upon her body by the deceased, which was known to appellant; that at one time peace officers had been summoned to the home and requested by deceased to evict appellant from the home, the deceased being armed at such time with a .410 guage shotgun. However, no further trouble occurred at such time. Eventually, appellant possessed himself of a pistol, went into the house and shot the deceased, which wounds resulted in his death.

The record is replete with incidents showing the disagreements between the deceased and appellant's mother and several beatings administered to her by deceased. From the testimony one might conclude that such mistreatment of the mother was the motive for the killing although appellant testified to facts

that caused the careful trial court to charge the jury on the law of self-defense.

Bill of Exception No. 1 complains because the court refused to allow appellant to prove by a deputy sheriff, who was called out to the Edwards' home on the occasion when the deceased was in possession of the .410 guage shotgun, that such deputy made no arrest because he did not find any violation of the law at such time. We think the reason for not making an arrest was but an opinion and conclusion of the witness and had but little, if any, materiality to the matter at issue.

Bill of Exception No. 2 reflects that one, Ada Pearl Heath, was a friend and acquaintance of Mrs. Edwards; that she lived in the Edwards' home for some time and was a witness to some of the disagreements occurring between deceased and his wife. Eventually she moved to Arkansas but was present at the trial and was staying with Mrs. Edwards and her son at such time. It was shown that someone sent her money for her expenses in coming to this trial from a neighboring state, and the court required her to answer who sent her such expense money; that she answered that it was appellant's attorney who did so. It was evident from her testimony that she was friendly to appellant; that she was visiting with him and his mother; and we see no reason for criticism of appellant arising from such proof. It was shown that she did not have the funds with which to make the trip from another state, and we see no harm in showing that appellant or his attorney furnished her with such funds.

Bill No. 3 is overruled. The trial court corrected his charge and limited the testimony relative to a previous felony conviction of appellant as affecting his credibility only, if it did affect such.

Bill No. 4 relates to the trial court's charge on the law of threats. We have read the same and find no error therein.

Appellant also complains of the trial court's failure to give in his charge to the jury a special requested instruction setting forth and applying the law of self-defense. We think the trial court's charge in which he gave a comprehensive and complete paragraph on the right of self-defense, fully covered that phase of the law more thoroughly and concisely than the one proffered by appellant.

Finding no error in the record, the judgment is affirmed.