David **ROBLES**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 40057.**

Court of Criminal Appeals of Texas.

Feb. 1, 1967.

Rehearing Denied March 15, 1967.

---

Bill Prewett and Travis Smith, Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., Kenneth L. Yarbrough, Asst. Dist. Atty., Corpus Christi, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery by assault with a prior conviction of a felony less than capital alleged for enhancement; the punishment, life imprisonment.

Notice of appeal was given on April 22, 1966.

As a ground of error, the appellant contends that the jury, in determining his guilt or innocence, had before it evidence of a criminal record made by him, a picture of him standing in front of an open prison barred door, and he was looked upon and considered by officers as a "known narcotic offender, user and pusher," and that such evidence deprived him of a fair and impartial trial and its admission in evidence was fundamental error.

■ The evidence reveals that two narcotic officers patrolled an "area" frequented by known narcotic offenders, users and pushers, and after receiving a police radio pick-up for the appellant, and knowing him to "hang out in this area," they soon located him there, and on the arrival of other officers, the appellant was arrested, and later a picture was made of him at the jail. There was no objection to this testimony, and its admission in evidence was not fundamental error.

Error is urged on the ground that there is no evidence that the David Robles named in the records of the prior convictions introduced is the same David Robles in this case.

Record proof of the prior convictions with attached photographs and fingerprints of David Robles were introduced.

■ The testimony of a fingerprint expert based upon his comparison of such prints with appellant's known prints showed that the prints were those of the same person. This manner of proof of prior convictions, and that the appellant is the same person so convicted, has been approved. The contention reveals no error. Martini v. State, Tex.Cr.App., 371 S.W.2d 387.

The judgment is affirmed.