**Fred FENNELL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40830.**

Court of Criminal Appeals of Texas.

March 6, 1968.

Ray Epps, John Cutler, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joe S. Moss, James C. Brough, Wells Stewart and J. Robert Musslewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Judge.

Our original opinion is withdrawn and the following is substituted in lieu thereof.

The offense is Murder without Malice; the punishment, assessed by the trial court after a verdict of guilty, five (5) years confinement in the Texas Department of Corrections.

On original submission this cause was reversed and remanded on the grounds (1) that the facts were insufficient to show an unlawful killing and that the uncontroverted evidence established self-defense as a matter of law, and (2) that the appellant was deprived of a fair and impartial trial by reason of fundamental error which occurred despite the lack of objection when, under the circumstances, the trial court charged only abstractly on the law of self-defense and failed to apply the law to the facts.

On rehearing, upon further consideration, we have concluded that we were in error in holding that self-defense was established by the facts as a matter of law.

■ We remain convinced, however, that this cause must be reversed on the error in the court's charge. The testimony of the State and appellant clearly and strongly raised the issue of self-defense both against an unlawful attack giving rise to apprehension or fear of death or serious bodily injury (Articles 1221, 1226, V.A.P.C.) and against a milder attack (Article 1224 P.C.).

In our original opinion we said:

"It is further observed, since self-defense was the crucial question in the case at bar, that the court charged the jury only abstractly on the law of self-defense in a single paragraph and did not apply the law to the facts. For some unexplained reason there was no objection to such charge, nor was this fact assigned as ground of error or mentioned in oral argument or otherwise. The fact remains, however, that the jury was never told that if they found from the evidence that the appellant had acted in self-defense, or if they had a reasonable doubt thereof, to acquit this appellant.

"It has been the consistent holding of this Court under the provisions of Article 36.19, V.A.C.C.P. (former Article 666) that a case will not be reversed on appeal because of an error in the charge of the court to which no objection was made, unless the error was calculated to injure the rights of the defendant or unless it appears that he has not had a fair and impartial trial. Aston v. State, [Tex.Cr. App.], 48 S.W.2d 292; Barfield v. State, [118 Tex.Cr.R. 394], 43 S.W.2d 106; McCue v. State, [75 Tex.Cr.R. 137], 170 S.W. 280; Bonds v. State, [71 Tex.Cr.R. 408], 160 S.W. 100; Coleman v. State, [68 Tex.Cr.R. 182], 150 S.W. 1177.

"It would be difficult to conclude from the circumstances already discussed and the failure of the charge to apply the law of self-defense to the facts that this appellant has had a fair and impartial trial."

We are reinforced in our opinion by virtue of the trial court's refusal to respond to appellant's timely presented special requested charge to the effect that the intoxication or drinking of the deceased would not excuse his attack upon appellant or take from the appellant his right of self-defense.

This was appellant's second ground of error but was not discussed in our original opinion.

It may not have been reversible error to have refused such a charge had the appellant been given an adequate, comprehensive, complete and unrestricted instruction on self-defense, but that, of course, was not done as observed earlier. Cf. Kilgore v. State, 151 Tex.Cr.R. 123, 205 S.W.2d 779. The court's charge as a whole did not fairly and adequately protect the rights of the appellant.

For the reasons stated, the State's motion for rehearing is granted in part and overruled in part. The judgment is reversed and remanded.