**M. B. CROWDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41112.**

Court of Criminal Appeals of Texas.

March 6, 1968.

Donald D. Koons, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., Charles L. Caperton, Arch Pardue and William S. Mason, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with two prior non-capital felony convictions alleged for enhancement; the punishment, life.

■ Appellant's attorney on appeal asserts as his ground of error #1 that the court erred in his charge to the jury. No objections were presented to the trial court, and nothing is presented for review. Barfield v. State, 118 Tex.Cr.R. 394, 43 S.W. 2d 106; McCue v. State, 75 Tex.Cr.R. 137, 170 S.W. 280; Bonds v. State, 71 Tex.Cr. R. 408, 160 S.W. 100; and Coleman v. State, 68 Tex.Cr.R. 182, 150 S.W. 1177. See also Robles v. State, Tex.Cr.App., 411 S.W.2d 729.

■ He next contends that it was error for the trial court to accept his assurances that he was the same person who had been convicted in the two prior convictions alleged for enchancement without giving the accused the warning as provided by Art. 26.13, Vernon's Ann.C.C.P. Such Article does not apply to the punishment portion of the trial. In this case the appellant chose the court to set his punishment, and after the prison records showing such convictions were introduced, appellant's counsel stated, "We are pleading guilty on the second and third paragraphs", and appellant spoke up and said, "Those are my two cases." No error is shown.

Our holding that Art. 26.13, supra, does not apply to the hearing on punishment disposes of appellant's last contention as to the manner of proving the prior convictions.

Finding no reversible error, the judgment is affirmed.