**Arthur Franklin HARRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Berdell JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 49791, 49987.**

Court of Criminal Appeals of Texas.

April 30, 1975.

Scott McDowell, Dallas, for Harris.

Stephen L. Halsey, Dallas, Court appointed, for Jones.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Phil Adams and Jerry Banks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a joint trial before a jury, appellants were convicted of rape by force and threats. Punishment was assessed by the court (1) for appellant Arthur Franklin Harris, enhanced under Art. 63, Vernon's Ann.P.C., life; (2) for appellant Berdell Jones, sixty years.

We conclude that the judgments of both appellants must be reversed for fundamental error in the court's charges to the jury at the guilt stage.

A separate charge was given as to each appellant; however, with the exception of an instruction on alibi as to Harris, the two charges were identical except as to the name of the accused.

The first paragraph of each charge states that the accused stands charged with rape by force and threats alleged to have been committed in Dallas County on or about November 10, 1973, and notes accused pleas of not guilty.

Rape, carnal knowledge, penetration, and rape by force and threats are defined. The jury is instructed that penetration must be proved beyond a reasonable doubt.

The court next instructs the jury concerning the law on failure of the defendant to testify.

Next, the charge tells the jury to consider only the facts and circumstances in evidence, and not matters which are not in evidence.

The jury is next cautioned to make no finding "except to show whether the defendant is guilty, beyond a reasonable doubt, or not guilty, as you may find and determine from the law and evidence in the case."

In Harris' case, the charge includes instructions on his defense of alibi.

The charges close with instructions that the indictment is no evidence of guilt, the customary instructions on the presumption of innocence and burden of proof (beyond a reasonable doubt), necessity of a unanimous verdict, and with the jury being told that they are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given the testimony, but are to be governed by the law received from the court.

Although the abstract law of the case is adequately explained to the jury, there is a complete failure to apply this law to the facts and issues in evidence.[1] See footnote below for copy of the Harris charge.

---

1.                                   "NO. C–74–308–QN

| "THE STATE OF TEXAS | IN THE 195th JUDICIAL DISTRICT |
| "VS. | COURT OF DALLAS COUNTY, TEXAS |
| "ARTHUR FRANKLIN HARRIS | AS JANUARY TERM, A.D., 1975 |

"CHARGE OF THE COURT

"MEMBERS OF THE JURY:

  "The defendant, Arthur Franklyn (sic) Harris, stands charged by indictment with the offense of rape by force and threats, alleged to have been committed in Dallas County, Texas on or about the 10th day of November 1973.

  "To this charge the defendant has pleaded not guilty. 'Rape' is the carnal knowledge of a woman without her consent, obtained by force or threats or both.

  " 'Carnal knowledge' is the penetration of the private female organ of the alleged female by the private male organ of the accused person. The slightest

This Court has consistently held that where no objection is made to the court's charge in accordance with Article 36.14, Vernon's Ann.C.C.P., a judgment will not be reversed on appeal because of error in the charge unless it appears that he has not had a fair and impartial trial. Article 36.19, V.A.C.C.P.; Peterson v. State, Tex.Cr.App., 508 S.W.2d 844; Jefferson v. State, Tex.Cr.App., 487 S.W.2d 331; Fennell v. State, Tex.Cr.App., 424 S. W.2d 631. Thus, we are confronted with the question of whether the errors in the court's charge constitute fundamental error. See Peterson v. State, supra; Whitson v. State, Tex.Cr.App., 495 S.W.2d 944.

In Ross v. State, Tex.Cr.App., 487 S.W. 2d 744, the Court held that where the

penetration of the female sexual organ by the male sexual organ is sufficient to constitute penetration and it need not be to any particular depth.

"To constitute 'rape by force,' the accused must have ravished the alleged female by having carnal knowledge of her without her consent and against her will by means of force. The force must have been such as might reasonably be sufficient to overcome any resistance, taking into consideration the relative strength of the parties and other circumstances of the case.

"To constitute 'rape by threats,' it must appear that the party charged assaulted the alleged female and by means of threats ravished and had carnal knowledge of her without her consent and against her will. The 'threats' must be such as might reasonably create fear of death or great bodily harm, in view of the relative condition of the parties as to health, strength, and all other circumstances of the case.

"Further, before there can be rape, penetration of the sexual organ of the female alleged to have been ravished by the male organ of the party accused must be proved beyond a reasonable doubt.

"You are further instructed that the law allows the defendant to testify in his own behalf, but a failure on his part to do so is not a circumstance against him and no presumption of guilt can be indulged in by the jury for a failure on his part to do so. I instruct you in this case not to refer to or discuss such failure on the part of the defendant to testify during your consideration of this case.

"You are limited in your deliberation as jurors on the verdict of guilt or innocence only. You are to consider and discuss only the facts and circumstances as were admitted into evidence. You should not consider nor discuss facts and circumstances that are not in evidence, and in this connection, you are instructed that no juror may lawfully relate any fact or circumstance of which he or she may claim to have personal knowledge which has not been admitted into evidence before you. If any evidence has been withdrawn from the jury by the Court, you will not discuss or consider it for any purpose.

"You will make no finding in your verdict except to show whether the defendant is guilty, beyond a reasonable doubt, or not guilty, as you may find and determine from the law and evidence in this case.

"Now, if you find and believe from the evidence or have a reasonable doubt thereof that at the time of the commission of the offense, if any, the defendant was at his Aunt's house, Gracy Branch, on Harwood, then you will acquit the defendant and say by your verdict 'not guilty.'

"You are further instructed that an indictment is no evidence of guilt. Therefore, you are instructed in this case that the indictment herein shall not be considered by the jury as any evidence of guilt, if any.

"In all criminal cases the burden of proof is on the State. The defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt and in case you have a reasonable doubt as to the defendant's guilt, you will acquit the defendant and say by your verdict 'not guilty.'

"You are further instructed that your verdict must be unanimous and shall be arrived at by due deliberation and not by a majority vote, nor by any method of chance.

"You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony, but you are bound to receive the law from the Court, which is herein given you and be governed thereby."

charge authorized conviction on a theory not charged in the indictment, fundamental error was presented, and the judgment was reversed notwithstanding the absence of an objection in the trial court.

In Fennell v. State, supra, the charge contained an abstract paragraph on the law of self-defense, but did not apply the law to the facts. No objection was made in the trial court, nor was this fact assigned as ground of error on appeal. Nevertheless, the Court reversed, holding that fundamental error had been committed preventing the defendant from having a fair and impartial trial.

See also Mendoza v. State, Tex.Cr.App., 491 S.W.2d 888; Rhyne v. State, 142 Tex. Cr.R. 104, 151 S.W.2d 599.

In Johnson v. State, 99 Tex.Cr.R. 25, 267 S.W. 713 (1925), Judge Littimore, speaking for the Court in reversing the conviction, said:

"An examination of the charge as given by the learned trial judge compels us reluctantly to hold that same nowhere presents the law applicable to the case. If the record in a felony case on appeal should show no charge in writing to have been given the jury, this court would reverse, and we are unable to distinguish in principle between the giving of no charge and the giving of a charge which nowhere presents the law applicable to the case."

■ It is also well established that the charge, rather than state mere abstract propositions of law and general statements of principles contained in the statutes, must clearly apply the law to the very facts in the case. McCuin v. State, Tex Cr.App., 505 S.W.2d 827, and authorities cited; Oliver v. State, 160 Tex.Cr.R. 222, 268 S.W.2d 467 (on rehearing); Barnes v. State, 145 Tex.Cr.R. 131, 166 S.W.2d 708; Stanley v. State, 142 Tex.Cr.R. 495, 154 S. W.2d 856; Smith v. State, 67 Tex.Cr.R. 27, 148 S.W. 699; Guajardo v. State, 113 Tex.Cr.R. 570, 24 S.W.2d 56; Johnson v. State, supra; Edwards v. State, 96 Tex. Cr.R. 574, 259 S.W. 578.

■ Fundamental error is presented where error in the charge goes to the very basis of the case so that the charge fails to state and apply the law under which the accused is prosecuted. Fennell v. State, supra; Johnson v. State, supra; Ross v. State, supra. Cf. Peterson v. State, 508 S.W.2d 844; Williams v. State, Tex.Cr. App., 508 S.W.2d 83.

■ In the present cases, we do not have an instance in which the failure to apply the law to the fact issues went to specific defenses, as in Peterson and Williams, supra, or other cases in which an objection was held to be required for reversal. The error in the charges goes to the very basis of the cases. The charge in each case fails to apply the law of rape to the evidence, and the jury was not instructed under what circumstances they should convict, or under what circumstances they should acquit. In the situation presented, the error was calculated to injure the rights of appellants, and they did not receive the fair and impartial trial to which they were entitled under the federal and state Constitutions. See Article 36.19, V.A.C.C.P.

We hold the error in each charge to be fundamental error, of which this Court will take judicial notice in the interest of justice. Article 40.09, § 13, V.A.C.C.P.; Fennell v. State, supra.

The judgments are reversed, and the causes are remanded.

Opinion approved by the Court.