Moses **HART**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54864.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 28, 1979.

Rehearing En Banc Denied June 13, 1979.

Larry Finstrom and James P. Finstrom, Dallas, for appellant.

Henry M. Wade, Dist. Atty., W. T. Westmoreland, Jr., John D. Ovard and David C. Schick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

Appeal follows a conviction for aggravated assault. Punishment was enhanced under V.T.C.A. Penal Code, Sec. 12.42(a) and assessed at twenty years' confinement and a $5,000 fine. Appellant presents eleven grounds of error. We affirm.

Appellant was indicted for the offense of attempted murder. After hearing evidence, the jury returned a guilty verdict on the lesser included offense of aggravated assault. V.T.C.A. Penal Code, Sec. 22.02. In his first ground of error, appellant challenges the sufficiency of the evidence to support his conviction for aggravated assault.

The complaining witness testified that appellant attacked her with a knife, as she was leaving a tavern in Dallas at about 2:30 a. m. Complainant fled, pursued by appellant, running several blocks to an alley behind an all-night cafe (Metro Diner). There, complainant discovered a short length of "pipe" and seized it to use in defending herself against appellant. Appellant again attacked complainant and stabbed her in the stomach and shoulder before taking flight.

Controverting complainant's testimony, appellant claims that complainant had a gun and attempted to rob him. When appellant refused to surrender his money, complainant began hitting him with her gun. Appellant ran, attempting to elude complainant, and found himself in the alley behind the Metro Diner. Complainant continued her assault on appellant, and appellant testified he used his "pocket knife" to defend himself.

Witnesses to the struggle in the alley were only able to corroborate the fact that the struggle actually occurred. No witness could testify as to which party was the aggressor; however, a witness inside the Metro Diner did corroborate complainant's

story concerning the discovery and use of the short "pipe." This witness also testified that appellant had earlier, on the same night, caused "trouble" inside the Metro Diner, but left when police were called.

■ There is uncontroverted evidence, in the form of hospital records, showing that complainant was treated for stab wounds to her stomach and shoulder. Although complainant was treated and released, the wound to her stomach required twenty stitches. Further, the hospital records reflect the complainant was hysterical and was placed, for a time, in the "trauma" room.

In challenging the sufficiency of the evidence, appellant argues that the State failed to show serious bodily injury or use of a deadly weapon required in an aggravated assault conviction. V.T.C.A. Penal Code, Sec. 22.02. We find the evidence sufficient on either theory.

Serious bodily injury is defined as:

"bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." V.T.C.A. Penal Code, Sec. 1.07(a)(34).

■ The record before us indicates that the wounds suffered by complainant were serious. An examination of this record, in the light most favorable to the verdict, reveals two separate struggles separated by a foot race covering several city blocks. In the latter struggle, appellant twice stabbed complainant, even though complainant was, at the time, armed with either a gun or a piece of pipe. Complainant testified that these two wounds were serious and a person who has received injuries is qualified to express an opinion on the seriousness of those injuries. *Denham v. State*, 574 S.W.2d 129 (1978).

■ As to appellant's contention that the knife was not a deadly weapon, we cannot agree. While a knife may not be a deadly weapon *per se*, an examination of the record on a case-by-case basis may establish that in a particular case the knife was a deadly weapon. In making such a determination, we must examine the nature and location of the wounds inflicted. *Williams v. State*, 477 S.W.2d 24 (Tex.Cr.App.1972). Also, to be considered is the actual use or intended use of the knife. *Denham*, supra; *Limuel v. State*, 568 S.W.2d 309 (Tex.Cr. App.1978); *Richards v. State*, 147 Tex.Cr.R. 118, 178 S.W.2d 517 (Tex.Cr.App.1944).

■ Here, the knife was used to inflict wounds which required medical attention. An instrument that inflicts two stab wounds, one requiring twenty stitches, on a person armed with a pipe or gun has established its character as a deadly weapon. See *Acosta v. State*, 179 S.W. 870 (Tex.Cr. App.1915).

■ We note the interesting but unpersuasive position taken by appellant. The jury was charged on the lesser included offense of aggravated assault at appellant's insistence that the lesser offense was "raised by the evidence." The jury, properly charged, returned a verdict of guilty of aggravated assault. Now, appellant argues that the evidence was insufficient to support a conviction for aggravated assault. If there exists a distinction between the amount or degree of evidence necessary to charge the jury on a lesser included offense and the sufficiency of the evidence to support a conviction of the lesser included offense on appeal, such a distinction is a very fine one. Fortunately, we are not now required to focus on this issue; however, we do note in *Stiles v. State*, 520 S.W.2d 895 (Tex.Cr.App.1975), a requested charge on accidental death was given where not raised by the evidence. Holding that the error was invited by requesting the charge, we found no reversible error. The same reasoning would easily be extended to appellant's argument.

Ground of error one is overruled.

■ In ground of error two, appellant claims his conviction is based on a jury charge that permitted a conviction on a theory not supported by the indictment. The indictment charged:

" . . . knowingly and intentionally with intent to commit the offense of murder, attempt to cause the death of (complainant) by stabbing (complainant) with a knife."

Such language, argues appellant, does not include allegations of serious bodily injury or use of a deadly weapon as required in V.T.C.A. Penal Code, Sec. 22.02 (aggravated assault). This argument is without merit.

The indictment sets forth an allegation of serious bodily injury by the language "attempt to cause death." V.T.C.A. Penal Code, Sec. 1.07(a)(34). Further, this attempt to cause death was occasioned by "stabbing with a knife." Alleging that a knife was the weapon used in an attempt to cause death is an allegation that the knife is a deadly weapon. V.T.C.A. Penal Code, Sec. 1.07(a)(11). Such language included the lesser offense of aggravated assault.

■ In his third ground of error, appellant complains that the indictment is insufficient to charge an offense and therefore is insufficient to sustain a conviction for a lesser included offense. Appellant's specific allegation is that the act of stabbing with a knife is not such an act that is one beyond mere preparation but failing to effect the commission of the offense intended.

The indictment is sufficient if the act of stabbing with a knife goes beyond mere preparation. See, generally, V.T.C.A. Penal Code, Secs. 19.02 (murder) and 15.01(attempt). To argue that the physical act of thrusting a knife blade into the complainant's body is mere preparation does not comport with common experience or reasoning. While simple *acquisition and possession of a weapon would, in most situations, be preparation, putting that weapon to use to inflict injuries clearly goes beyond prepa-

ration. By alleging that appellant attempted to cause death *by stabbing*, the State has alleged an act beyond mere preparation which fell short of the intended offense of murder.[1] *Williams v. State*, 544 S.W.2d 428 (Tex.Cr.App.1976); *Colman v. State*, 542 S.W.2d 144 (Tex.Cr.App.1976).

Ground of error three is overruled.

■ In ground of error seven, appellant claims the trial court erred in permitting the State to argue that appellant should not be convicted of the lesser included offenses. The argument complained of informed the jury that one of the lesser included offenses was a misdemeanor.[2] Appellant argues that such argument asked the jury to determine guilt not on the facts, but on the basis of punishment.[3]

A determination of appellant's claim requires an examination of the argument from the viewpoint of the jury. *Brown v. State*, 477 S.W.2d 617 (Tex.Cr.App.1972). From that viewpoint, the argument must be such as requires the jurors to convict on one offense over another because of the difference in punishment available. *McClure v. State*, 544 S.W.2d 390 (Tex.Cr.App.1976).

In *McClure*, supra, the State, in the face of objections and warnings from the court, repeatedly argued the difference in the numbers of years the defendant could be confined if convicted of the lesser included offense. We held:

"It was a plea to the jury to consider the amount of punishment, rather than the facts, in determining the offense for which defendant should be convicted." *McClure v. State*, 544 S.W.2d 390 at 393 (Tex.Cr.App.1976).

Here, the State mentioned that one of the lesser included offenses was a misdemeanor but also argued for the jury to decide guilt

---

1. Appellant filed no motion to quash but now attacks the indictment on appeal.

2. Appellant requested and received charges on aggravated assault, assault, and self-defense.

3. The State's argument which is the basis of this ground of error reads as follows:

   "Then he is trying to say—and this is probably Mr. Schick's and my biggist fear, is that you will compromise the verdict. You'll say, golly, they have raised all these things and the Judge has put in between charges in there under the evidence. We'll compromise somewhere. We won't find him not guilty. We'll find him guilty of one of these lesser offenses. One of these, the misdemeanor offenses that's included."

on the facts. The harm is not in informing the jury concerning punishment, but argument for conviction based on punishment. *McClure*, supra. When we consider this argument from the jury's viewpoint, we find no error.

In his remaining grounds of error, appellant complains of jury argument by the State concerning his criminal history. The appellant objected during the State's argument that statements about his criminal history were "outside the record."

Appellant's criminal history had been detailed by himself and by certified records. His criminal history was exposed to the jury long before the State's argument. The objections that appellant's criminal history was outside the record are unfounded and properly overruled.

The judgment is affirmed.