**Robert Mark DIDION, Appellant,**

v.

**The STATE of Texas.**

**No. C14–81–027–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 10, 1981.

Sidney Farr, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This appeal arises out of a conviction for aggravated assault. Appellant was charged with attempted murder as a result of an early morning knifing incident in the parking lot of a gasoline service station. The court instructed the jury on the offense of attempted murder and the lesser included offense of aggravated assault. Upon a finding of guilt as to aggravated assault the court assessed punishment at 10 years. The primary question presented on appeal is whether the trial court committed funda-mental error in instructing the jury on the issue of self-defense to the attempted murder charge but not to the lesser included offense of aggravated assault. We find no fundamental error in the court's instructions and we affirm.

On the morning of December 26, 1977 appellant was driving along Bunker Hill Drive in Houston when he became involved in an altercation with another automobile driven by Walter Wayne Rowland, the complainant. While the testimony is contradictory as to which party was the aggressor, one of the automobiles forced the other into the parking lot of a Tenneco service station. Complainant and a passenger, Lee Gettys, approached the driver's side of appellant's automobile and an argument ensued. Appellant stepped out of his automobile and, apparently after some pushing and shoving, stabbed complainant in the chest with a knife. Appellant does not deny stabbing complainant but claims he acted in self-defense. Appellant testified he was in fear for his life at the time of the stabbing and he struck complainant only after he had first been cut by Gettys.

The court charged the jury with the elements of the offense of attempted murder and the lesser included offense of aggravated assault. The court then instructed the jury on the abstract law of the right to use force or deadly force in self-defense to another's unlawful use or attempted use of force or deadly force. In applying the law to the facts, however, the jury only received an instruction of self-defense to attempted murder, leaving out a specific instruction of self-defense to aggravated assault:

> Now if you find from the evidence beyond a reasonable doubt that the defendant, Robert Mark Didion, did attempt to *kill* the said Walter William Rowland, IV by cutting and stabbing him with a knife, as alleged, but you further find from the evidence that, viewed from the standpoint of the defendant at the time, ... it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation of fear of death or serious

bodily injury from the use of unlawful deadly force at the hands of Walter William Rowland, . . . you should acquit the defendant on the ground of self-defense. (emphasis added).

Appellant claims this charge is fundamentally erroneous in that it (1) instructed the jury only on the abstract law without applying that abstract law to the facts of the case; (2) restricted his right of self-defense as to the lesser offense and to the use of non-deadly force; and (3) prevented the jury from acquitting him of aggravated assault if they found he acted in self-defense.

▮ Appellant did not object to the charge during trial or request an additional special charge be given to the jury. The Court of Criminal Appeals has consistently held where no objection to a court's charge is made in accordance with Article 36.14 Tex.Code Crim.Pro.Ann. (Vernon 1981) a judgment will not be reversed on appeal because of error in the charge unless it appears *fundamental* error has occurred and the defendant has not received a fair and impartial trial. Tex.Code Crim.Pro. Ann. art. 36.19 (Vernon 1981); *Harris v. State*, 522 S.W.2d 199, 201 (Tex.Cr.App. 1975); *Peterson v. State*, 508 S.W.2d 844 (Tex.Cr.App.1974). Where there has been no objection to the charge as required by Article 36.14, it is appropriate to view the charge as a whole to determine whether such error was fundamental. *Robinson v. State*, 596 S.W.2d 130 (Tex.Cr.App.1980).

Appellant relies on the case of *Fennell v. State*, 424 S.W.2d 631 (Tex.Cr.App.1968) to support his contention the error in the charge amounted to fundamental error. In *Fennell*, the jury was charged on the abstract law of self-defense but was never instructed to the specific facts of the case. Even though no objection was made at trial the Court of Criminal Appeals reversed, holding the failure to apply the law of self-defense to the facts of the particular case prevented the defendant from receiving a fair and impartial trial which amounted to fundamental error. *Id.* at 632–633. Appellant asserts the failure to apply the

abstract law of self-defense to the aggravated assault charge denied him a fair and impartial trial, and like *Fennell*, his conviction must be reversed for fundamental error.

▮ We see a distinction between the facts of this case and the *Fennell* decision which keeps us from agreeing with appellant. It is clear a charge must not only state abstract propositions of law but must clearly apply the law to the specific facts of the case. *Harris v. State*, 522 S.W.2d 199 (Tex.Cr.App.1975); *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr.App.1974); *Fennell, supra*. Unlike the situation in *Fennell*, however, the jury here was specifically instructed on self-defense to the offense in the indictment: attempted murder. The jury was not left with mere abstract propositions of law or general statements of principles to apply to the case. The jury was given direction on how to apply self-defense to attempted murder, the offense out of which the lesser included offense of aggravated assault arose. While the omission of the additional charge by the court may amount to error, it was not fundamental.

▮ The decisions of the Court of Criminal Appeals on fundamental error in jury charges support our holding. Fundamental error is present where the error in the charge "goes to the *very basis of the case* so that the charge fails to state and apply the law under which the accused is prosecuted." *Harris v. State*, 522 S.W.2d, at 202. (emphasis added). To be fundamental error, the charge must injure the rights of a defendant so that he does not receive a fair and impartial trial. See Article 36.19. The Court of Criminal Appeals recently categorized fundamental error in jury instructions in the case of *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979). The court found fundamental error to exist when the charge (1) authorizes a conviction on a theory not alleged in the indictment which is required to be proven; (2) substitutes a theory of the offense completely different from the theory alleged in the indictment; (3) authorizes a conviction on a theory alleged in the indictment and on one or other theories not

alleged in the indictment; and (4) authorizes a conviction for conduct which is not an offense as well as to conduct which is an offense. *Id.* at 733–735. See also *Robinson v. State,* 596 S.W.2d 130, 132 (Tex.Cr.App. 1980).

While this listing does not represent the entire field of fundamental error situations in jury charge questions, an important element can be drawn out of *Cumbie.* This listing shows the evil inherent in such charges involves an enlarging or enhancing of the charged *offense.* No case has been brought to our attention, nor could one be found, where fundamental error existed because of a failure to instruct a *defensive* charge to each and every *lesser included* offense. In fact, this court has been directed to two cases where the failure to instruct on defensive issues was not found to be fundamental error when no objection to the charge was made. *Smith v. State,* 479 S.W.2d 311, 314 (Tex.Cr.App.1972); *Williams v. State,* 477 S.W.2d 24, 25 (Tex.Cr. App.1972). The complained error before us is not of an enhancement or an enlargement of the offense. Nor does this error represent an entire omission of the issue of self-defense. *Robinson v. State,* 596 S.W.2d 130, 132 (Tex.Crim.App.1980). Therefore, after reviewing the charge as a whole we find no deprivation of appellant's right to a fair and impartial trial. *Id.* The failure to object below in accordance with Article 36.-14 waived appellant's right to complain on appeal.

Appellant raises three other grounds of error, all of which are without merit. First, appellant claims the court committed reversible error in not including in the charge a definition of "serious bodily injury." Appellant is mistaken. The court's charge does include in its first page a definition of serious bodily injury. This ground is overruled.

▮ Second, appellant complains the court's charge was fundamentally erroneous because it assumed the knife was a deadly weapon, thereby withdrawing it from consideration by the jury as a fact question. By restricting consideration of the knife to

that of a deadly weapon, appellant claims he was denied his right of self-defense as to aggravated assault. While appellant's argument is attractive, we decline to accept it. A knife is not per se a deadly weapon. *Hart v. State,* 581 S.W.2d 675 (Tex.Cr.App. 1979). But once again appellant failed to object to the charge or call to the court's attention any errors in the charge as required by Articles 36.14 and 36.15. This being the case, the judgment cannot be reversed unless the error amounts to fundamental error calculated to injure the appellant's rights or amounting to the absence of a fair and impartial trial. Tex.Code Crim. Pro.Ann. art. 36.19 (Vernon 1981).

▮ No such injury to appellant's rights or absence of a fair and impartial trial exists here. The charge contains a definition of a deadly weapon as "anything manifestly designed, made or adopted for the purpose of inflicting ... serious bodily injury." Even though the charge later states appellant used a deadly weapon, "to wit, a knife," the jury was able to consider the definition of a deadly weapon and the serious nature of the bodily injuries in arriving at a verdict. The Court of Criminal Appeals has directed a case by case two-step analysis for determining whether a knife is a deadly weapon. First, the nature, location and severity of the inflicted wounds must be considered. *Williams v. State,* 477 S.W.2d 24 (Tex.Cr.App.1972). Second, the actual or intended use of the knife is important. *Denham v. State,* 574 S.W.2d 129 (Tex.Cr.App.1978). Since the knife here was used in a stabbing requiring medical attention, the jury had sufficient evidence to use with the definitions to consider the knife a deadly weapon. *Hart v. State,* 581 S.W.2d 675, 677 (Tex.Cr.App. 1979). It therefore appears that any error in the charge was not of such inherent evil so as to deny the appellant a fair and impartial trial. *Cumbie, supra.* Without an objection to the charge under Article 36.19, this court cannot reverse the error.

▮ Appellant's final ground asserts error in the charge, claiming the instruction authorized a conviction (aggravated assault)

**440**

under a theory not contained in the indictment. The indictment charged the appellant did "... unlawfully attempt to cause the death of Walter William Rowland, IV, by cutting and stabbing him with a knife, having intent to commit murder..." Appellant argues this language of the indictment, while authorizing a conviction for aggravated assault for the infliction of serious bodily injury, does not authorize a conviction for aggravated assault for the appellant's use of a deadly weapon as required in Tex. Penal Code Ann. art. 22.02 (Vernon 1974) (aggravated assault).

The Court of Criminal Appeals has recently addressed this argument in *Hart v. State*, 581 S.W.2d 675 (Tex.Cr.App.1979). In *Hart*, the defendant was indicted for attempted murder but was convicted of aggravated assault with a deadly weapon (knife). The court held the indictment's language of defendant's attempting to cause death by stabbing with a knife was an allegation the knife was a deadly weapon. The language thereby included the lesser offense of aggravated assault. *Id.* at 678. This case being on point with *Hart*, appellant's last ground of error is overruled.

The judgment is affirmed.