**Miguel Teran BUENO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–81–025CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 28, 1982.

Rehearing Denied May 13, 1982.

**334**

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This appeal is from a conviction for voluntary manslaughter. The question presented is whether fundamental error was committed in charging the jury on self-defense in connection with the crime of murder but not with respect to the lesser included offense of voluntary manslaughter. We affirm.

Miguel Bueno (appellant) was convicted of voluntary manslaughter in the death of Juan Bueno under Tex.Penal Code Ann. § 19.04 (Vernon 1974). Juan's death was the result of an incident at a lounge witnessed by several persons.

Appellant brings five grounds of error which complain of the court's charge to the jury in one respect. The charge, after addressing the offenses of murder and voluntary manslaughter, instructed the jury abstractly on the law of self-defense and then applied the law to the facts as follows:

> Now, if you find from the evidence beyond a reasonable doubt that the defendant, Miguel Teran Bueno did commit *murder* with a gun as alleged, but you further find from the evidence that, viewed from the standpoint of the defendant at the time, from the words or conduct, or both, of Juan Bueno it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force.... (emphasis added)

Appellant did not object to the charge at the trial but now contends the charge allowed the jury to apply the theory of self-defense if the offense of murder was found but not if the offense of voluntary manslaughter was found.

Appellant relies primarily on *Fennell v. State*, 424 S.W.2d 631, 632 (Tex.Cr. App.1968), which states:

> It has been the consistent holding of this Court ... that a case will not be reversed on appeal because of an error in the charge of the court to which no objection was made, unless the error was calculated to injure the rights of the defendant or unless it appears that he has not had a fair and impartial trial.

Such *fundamental error* in a charge must go to the "very basis of the case so that the charge fails to state and apply the law under which the accused is prosecuted." *Harris v. State*, 522 S.W.2d 199, 202 (Tex. Cr.App.1975). Appellant contends the shortcomings of the charge before us deprived him of a fair and impartial trial. He thus urges us to reach the same result reached in *Fennell*, reversal for fundamental error.

However, the situation in *Fennell* is distinguishable from the one before us now. The court in that case "charged the jury only abstractly on the law of self-defense in a single paragraph and did not apply the law to the facts." The Court of Criminal Appeals held such a charge to be so lacking as to have denied the accused a fair and impartial trial. It is beyond question that a charge must state abstract propositions of law and, in addition, clearly apply such law to the facts of the case. *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr.App.1974); *Harris v. State, supra*. The charge with which we are concerned is acceptable in that respect, and we thus decline appellant's invitation to consider *Fennell* as controlling here.

*Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.1979), cited by the State, surveys and categorizes the cases in which fundamental error has been declared. However, it does not deal with any such error concerning defensive issues.

Generally, when any defensive theory is raised by the evidence, the trial judge must charge the jury on that theory where a proper request for such charge is made. *Barefield v. State*, 165 Tex.Cr.R. 581, 309 S.W.2d 451 (1958). It is not revers-ible error to *fail* to give a defensive charge where it is not requested and where no exception is filed to the charge as given. *Woods v. State*, 152 Tex.Cr.R. 525, 215 S.W.2d 334 (1948). Specifically concerning self-defense, *Williams v. State*, 477 S.W.2d 24, 25 (Tex.Cr.App.1972), holds that even when self-defense is raised by the evidence it is not error to fail to charge the jury on self-defense where no objection in writing or written request for such an issue was made as required by Tex.Code Crim.Pro. Ann. arts. 36.14, 36.15 (Vernon 1977). *See also Martinez v. State*, 448 S.W.2d 488 (Tex.Cr.App.1970).

It was appellant's responsibility to make known to the trial court any objections to the charge concerning self-defense. The charge before us is not so lacking as to have denied appellant a fair and impartial trial, and the failure to object during the trial waived his rights to complain of such defect on appeal. We hold there is no fundamental error and affirm the conviction.

Affirmed.