**Omar BARRERA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–96–062–CR.**

Court of Appeals of Texas, Corpus Christi.

July 3, 1997.

Discretionary Review Granted Dec. 3, 1997.

---

Rene B. Gonzalez, Brownsville, for Appellant.

John A. Olson, Asst. County & District Attorney, Yolanda De Leon, District Attorney, Brownsville, for Appellee.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellant, Omar Barrera, was indicted for the offenses of attempted murder and aggravated assault under Texas Penal Code sections 15.01(a), 19.02(b), and 22.02(a)(2). After a jury trial, appellant was found guilty of attempted murder and sentenced to fifteen years imprisonment. The sentence was reduced to ten years following a hearing on motion for new trial. Appellant brings six points of error challenging the court's

charge, the trial court's ruling on hearsay testimony, and the sufficiency of the evidence. We reverse and remand.

## I. BACKGROUND

Appellant's conviction stemmed from an incident which began in the parking lot of a convenience store. According to the State, appellant initiated an argument with Oscar Zarate which escalated into a fight. Appellant struck Zarate over the head with a pistol, and then lost his grip on it. Zarate's friend, Rod, grabbed the pistol, ran into the store, and threw it into a storage room behind the counter. As appellant entered the store and retrieved his pistol, Rod and Zarate fled to the home of Victor Cortez, Zarate's brother-inlaw.

When they arrived at Cortez's house, Zarate was unable to awaken Cortez so Zarate and Rod hid in a neighbor's yard. Soon after, two vehicles arrived. Zarate testified that as they hid, he could hear the individuals from the two cars searching for them. Later, thinking they had left, Zarate returned to Cortez's house to again try to awaken Cortez. As he knocked on the front door, appellant approached from behind and fired six rounds at Zarate, hitting him twice. Zarate returned fire with his own pistol.

Appellant denies striking Zarate over the head with a pistol. He testified that Zarate and Rod pinned him down on the pavement and beat him. He further claims that he and his friend, Mario, went to Cortez's house to invite him to a cook out, and that they were ambushed by Zarate when they arrived. According to appellant, he fired in self-defense as he fled from Zarate, and did not know he had hit Zarate until the next day. Mario also testified that they were ambushed.

## II. CHARGE ERROR

By his first three points of error, appellant contends the trial court erred in its instructions to the jury, and thereby deprived him of a fair and impartial trial. Specifically, appellant contends the trial court's charge failed to properly address the issue of self-defense in that (1) it did not apply the facts of the case to the law on self-defense, (2) it did not instruct the jury on how to treat reasonable doubt with respect to self-defense, and (3) it did not instruct the jury of the circumstances under which they must acquit.

### A. Standard of Review

■ When we review a jury charge for error, our first inquiry is whether the alleged error was preserved. If so, any harm, regardless of the degree, is sufficient to require reversal of the conviction. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984)(opinion on state's motion for rehearing). On the other hand, if no proper objection was made at trial, the accused must claim and show that the error was "fundamental" in order to obtain a reversal. *Id.* A reversal will be granted only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"— in short, "egregious harm." *Id.* Here, appellant did not object to the charge and thus failed to preserve error. In order to gain reversal, he must show fundamental error.

### B. Self-defense burdens and instructions

■ A defendant has the burden of producing sufficient evidence at trial to raise the issue of self-defense. TEX. PENAL CODE ANN. §§ 2.01, 9.02, 9.31 ( Vernon 1994). If the evidence raises the issue of self-defense, the defendant is entitled to have this issue submitted to the jury. *Riddle v. State,* 888 S.W.2d 1, 6 (Tex.Crim.App.1994); *Hayes v. State,* 728 S.W.2d 804, 807 (Tex.Crim.App. 1987); *Smith v. State,* 676 S.W.2d 584, 586–87 (Tex.Crim.App.1984). An instruction on self-defense is not required, however, if the evidence, viewed in the light most favorable to the defendant, does not establish a case of self-defense. *Dyson v. State,* 672 S.W.2d 460, 463 (Tex.Crim.App.1984).

■ Here, appellant and Mario both testified that Zarate ambushed and shot at them. Appellant testified that he tripped on some plants as he was running from Zarate, and that if he had remained on the ground, Zarate would have killed him. He claimed he returned fire in self-defense as he fled. We conclude appellant properly raised, and was

entitled to a jury instruction on, the issue of self-defense.

### C. The charge

The court's charge first instructed the jury on attempted murder, and followed with an application paragraph that did not refer to the issue of self-defense. The charge next instructed the jury on aggravated assault, and followed with an application paragraph regarding that offense. Finally, the charge instructed the jury on the elements of self-defense and deadly force in defense of a person, but provided no application paragraph and no instruction advising the jury of the circumstances requiring a conviction or acquittal of the appellant.

Appellant contends that once the issue of self-defense was raised at trial, the trial court was obligated to instruct the jury on the law of self-defense, **and** to apply the law to the facts of the case. Appellant further argues that the trial court's failure to inform the jury that a reasonable doubt on the issue of self-defense requires that the defendant be acquitted constituted an abuse of discretion requiring reversal.

### D. The law

■■■ It is well established that the charge, rather than stating mere propositions of the law and general statements of principals contained in the statutes, must clearly apply the law to the facts of the case. *See Doyle v. State,* 631 S.W.2d 732, 737 (Tex. Crim.App.1980) (opinion on motion for re-hearing). "If the issue of the existence of a defense is submitted to the jury, the court **shall** charge that a reasonable doubt on the issue requires that the defendant be acquitted." Tex. Penal Code Ann. § 2.03(d) (Vernon 1994) (emphasis added). The jury must be instructed to acquit the defendant if they believe that he was acting in self-defense or have a reasonable doubt thereof. *Saxton v. State,* 804 S.W.2d 910, 913 (Tex.Crim.App. 1991).

■■ "Where there is a total or even a partial failure in the trial court's charge, of applying the law of the offense to the facts of the case, this type error of omission infringes upon an accused's federal and state constitutional rights to due process of law, due course of law, and the right of trial by jury." *Doyle,* 631 S.W.2d at 738. "Such error has been held to be error calculated to injure the rights of a defendant because it prevents the defendant from receiving a fair and impartial trial by jury, to which he is entitled under our law." *Id.* at 737–38.

The Texas Court of Criminal Appeals addressed the significance of applying the law to the facts in *Fennell v. State,* 424 S.W.2d 631 (Tex.Crim.App.1968). In *Fennell,* the trial court charged the jury only abstractly on the law of self-defense in a single paragraph and did not apply the law to the facts. The Court of Criminal Appeals, in finding fundamental reversible error, held such a charge was calculated to injure the rights of the defendant and denied the defendant a fair and impartial trial. In a later case, *Harris v. State,* 522 S.W.2d 199, 202 (Tex. Crim.App.1975), the court cited *Fennell* with approval, re-emphasizing that "fundamental error is presented where error in the charge goes to the very basis of the case so that the charge fails to state and apply the law under which the accused is prosecuted." *Id.* The court also held, in *Ex Parte Clark,* 597 S.W.2d 760, 761 (Tex.Crim.App.1979), that failure of the charge to apply the law to the facts is a fundamental error that is not waived by the failure to object at trial. *Id.* (citing *Perez v. State,* 537 S.W.2d 455 (Tex. Crim.App.1976) and *Harris v. State,* 522 S.W.2d 199 (Tex.Crim.App.1975)). In *Clark,* the court reasoned as follows:

We have held that the total failure of the court's charge to apply the law to the facts infringes two areas of the state and federal constitutions. First, it "goes to the very basis of the cases" and denies "the fair and impartial trial to which (defendants) are entitled under the federal and state Constitutions"; that is, under the due process provisions of the Fourteenth Amendment to the United States Constitution and the due course of law provision in Article 1, Section 19, of the Texas Constitution. *Harris v. State,* 522 S.W.2d 199, 202 (Tex. Crim.App.1975). Second, the failure of the charge to apply the law to the facts "impairs the right to trial by jury and, there-

fore, by definition, is 'calculated to injure the rights of defendant,'... to a trial by jury," which rights are guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10, of the Texas Constitution. *Williams v. State,* 547 S.W.2d 18, 20 (Tex. Crim.App.1977).

*Clark,* 597 S.W.2d at 761.

More recently, in *Jones v. State,* 815 S.W.2d 667 (Tex.Crim.App.1991), a case where the defendant was convicted of aggravated robbery under the law of parties but where the charge did not apply the law of parties to the facts, the court again emphasized that "a charge which contains an abstract paragraph on a theory of law, but does not apply the law to the facts," deprives the defendant of "a fair and impartial trial." *Id.* at 670 (citing *Harris,* 522 S.W.2d at 202, and *Fennell,* 424 S.W.2d at 631-32).

 The State argues that appellant failed to raise his charge error complaints during the motion for new trial and thus his complaints are waived. However, even if this particular type of charge error could be waived, error in the court's charge may be raised for the first time on appeal with the limitation that defects in the charge will not constitute reversible error unless they result in "egregious harm" to the accused. *Almanza,* 686 S.W.2d at 171. In addition to claiming fundamental constitutional error for the failure to apply the law to the facts, appellant has claimed egregious harm suffered as a result of the trial court's failure to instruct the jury in accordance with the Texas Penal Code. Appellant's complaints may therefore be considered by this Court.

The State also argues that "nowhere in [appellant's arguments] is there a single authority presenting the sort of instructions [a]ppellant claims the trial court should have included *sua sponte.*" First, this statement is incorrect because appellant has cited authority for his argument. Beyond that, the State's argument fails because appellant needs merely to properly frame his point of error to focus this Court's attention on the gravamen of his complaint, which he has done.

 We conclude that the trial court erred in (1) failing to apply the law of self-defense to the facts of the case and (2) failing to instruct the jury in accordance with section 2.03(d) of the Texas Penal Code. Neither of the application paragraphs submitted to the jury incorporates self-defense, nor instructs the jury to acquit the defendant if they should have reasonable doubt on the issue of self-defense. The jury was left with mere abstract propositions of law or general statements of principles to apply to the case; that was insufficient. *Jones,* 815 S.W.2d at 668; *Garrett v. State,* 749 S.W.2d 784, 802-03 (Tex.Crim.App.1986)(mere inclusion of an abstract definition of the theory of transferred intent was not sufficient to bring that theory before the jury); *Didion v. State,* 625 S.W.2d 436, (Tex.App.—Houston [14th Dist.] 1981, pet. ref'd). We further conclude that the charge error infringed upon appellant's federal and state constitutional rights to due process of law, due course of law, and the right of trial by jury. *See Doyle,* 631 S.W.2d at 73 (absence of application paragraph infringes on constitutional rights); *Clark,* 597 S.W.2d at 761; *Harris,* 522 S.W.2d at 202.

### E. Harm analysis

When jury charge error is found, it is most often subject to a harm analysis under *Almanza.* Under *Almanza,* a conviction is reversed for charge error only if the error is so egregious and created such harm that appellant did not have a fair trial. *Almanza,* 686 S.W.2d at 171. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Id.*

 We do not apply *Almanza,* however, if the error implicates rights flowing from the United States Constitution. *Chapman v. California,* 386 U.S. 18, 21, 87 S.Ct. 824, 826, 17 L.Ed.2d 705 (1967)(when an error implicates rights flowing from the United States Constitution, we must apply the harmless-error rule enunciated by the Supreme Court). In such a case, we apply the federal harmless error standard which is the equiva-

lent of Texas Rule of Appellate Procedure 81(b)(2).[1] *Belyeu v. State,* 791 S.W.2d 66, 75 (Tex.Crim.App.1989); *see also Beathard v. State,* 767 S.W.2d 423 (Tex.Crim.App.1989). Rule 81(b)(2)'s "harmless error" analysis typically applies to those trial errors amounting to a denial of federal or state constitutional rights and where there is no countervailing procedural rule or statutory provision. *Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim.App.1994); *Rose,* 752 S.W.2d at 554; *see Belyeu,* 791 S.W.2d at 75; and *Erwin v. State,* 729 S.W.2d 709 (Tex.Crim.App.1987). By contrast, article. 36.19,[2] and the *Almanza* standard of review, is limited to violations of art. 36.14 through art. 36.18 of the Code of Criminal Procedure, which do not implicate state or federal constitutional rights. *Abdnor,* 871 S.W.2d at 732; *see Rose,* 752 S.W.2d at 553.

In the present case, we have both types of error; error implicating constitutional rights (complete failure to apply the law to the facts) and *Almanza* error (failure to instruct according to section 2.03 of the Penal Code). Therefore, before considering whether the section 2.03 error amounted to egregious error under *Almanza*, we will first look to the record and reverse unless we find, beyond a reasonable doubt, that the trial court's complete failure to apply the law to the facts did not contribute to appellant's conviction.

▮▮▮▮ In that regard, we are mindful of the fact that the application paragraph is the portion of the charge which authorizes the jury to act. *Hutch v. State,* 922 S.W.2d 166, 172 (Tex.Crim.App.1996) (citing *Jones v. State,* 815 S.W.2d 667, 669 (Tex.Crim.App. 1991)). Consequently, even though the charge may contain a correct statement of the law on self-defense elsewhere, that in-

struction does not authorize the jury to consider whether an appellant, even if he intentionally attempted murder, did so in self-defense. *See id.*

▮▮▮▮ Here, appellant did not deny having shot Zarate, but rather attempted to justify his actions on a claim of self-defense. Based on the evidence presented by appellant, self-defense was a contested issue, and not merely an inconsequential element. The trial court's failure to properly instruct the jury on self-defense was extremely detrimental to the defendant's constitutional right to have a jury fairly determine his guilt or innocence. We cannot say beyond a reasonable doubt that the charge error did not contribute to appellant's conviction. We sustain appellant's first point of error.

Having found harmful error in the trial court's complete failure to apply the law to the facts, we need not consider whether the court's additional failure to instruct the jury in accordance with section 2.03 of the Penal Code amounted to egregious error. We must, however, address appellant's challenge to the sufficiency of the evidence.

### III. SUFFICIENCY OF THE EVIDENCE

By his fourth point of error, appellant argues that the trial court erred in denying his motion for new trial because there was no evidence to support the jury's verdict. He bases his argument, however, on the theory that insofar as the charge was defective in failing to properly address self-defense, it did not authorize his conviction. Accordingly, he argues that because an appellate court is required to view the sufficiency of the evidence against the entire charge, when viewed against the defective charge in this case,

---

1. Tᴇx.R.Aᴘᴘ. P. 81(b)(2) provides:
 If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

2. Tᴇx.Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 36.19 (Vernon's 1981) provides:
 Whenever it appears by the record in any criminal action upon appeal that any requirement

of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 [Code of Criminal Procedure articles relating to the trial judge's charge to the jury] ha[ve] been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.

there was no evidence to support a conviction.

Appellant correctly states that the defective charge denied him a fair trial and we have granted him relief for that error. If he is complaining, however, that the State presented insufficient evidence of attempted murder, which would require an acquittal, he is incorrect. Viewing all the evidence in the light most favorable to the verdict, and absent the jury charge error, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Matson v. State,* 819 S.W.2d 839, 843 (Tex. Crim.App.1991). Thus, appellant is not entitled to any greater relief than that which we are giving him—a new trial. We overrule appellant's fourth point of error.

Accordingly, we REVERSE the judgement of the trial court and REMAND for a new trial.