JAKE HARRIS V. THE STATE.

No. 9294.    Delivered June 3, 1925.

Rehearing denied June 24, 1925.

1.—Murder—Continuance—Material Absent Witnesses—Improperly Refused.

Where appellant had used proper diligence to secure the attendance of two absent witnesses by whom he expected to prove material facts, it was error for the court to refuse such first application, and on the showing made by appellant in his motion for a new trial, to overrule his motion. Following Mansell v. State, 182 S. W. 1137 and other cases.

101 Tex. Crim.—3.

2.—Same—Evidence—''Impressions'' and ''Opinion''—Distinction - Between.

There is a destinction to be drawn between an impression made upon a witness by the acts and conduct of deceased, at the time of the homicide, and an opinion formed in his mind by reviewing the facts and surroundings of an incident. In the cases of Mason v. State, 138 S. W. 1153 and the Latham case therein cited, the principle laid down in both cases have been criticised by us, the testimony admitted was as to the impression the actions of the deceased made upon them, at the time of the homicide.

3.—Same—Continued.

While in the instant case it was proposed to show by the witness Lawrence after the whole transaction was over, and from all that he saw, and heard, that it appeared to him that the shooting was accidental. This proposed testimony would have permitted witness to have given his opinion on the main issue in the case, which the jury alone should decide. There was no error in excluding this testimony.

4.—Same—Charge on Manslaughter—Held, Erroneous.

While as a general rule it is proper in submitting the law of manslaughter, to charge the jury "that it is not enough that the mind is merely agitated by passion arising from some other provocation, or a provocation given by another, other than the party killed" said charge in the light of the fact that defendant was engaged in a quarrel" with deceased and another at the time of the shooting, was erroneous.

5.—Same—Charge of Court—On Accidental Shooting—Erroneous.

A charge, on the defensive theory, of an accidental shooting, which requires the jury to find that at the time that he drew the pistol, the appellant had no purpose to kill the deceased. The purpose with which the pistol was drawn was not the test, but was the shot which killed the deceased fired by accident. Following McPeak v. State, 187 S. W. 756.

6.—Same—Charge of Court—Practice Trial Court.

Every issue, however slightly raised by the evidence of a defensive character, and however inconsistent it may be with other defenses presented should be submitted in the charge to the jury. Notwithstanding that appellant defended on the ground of an accidental killing, his testimony also raised the issue of self defense as against witness Moore, and should have been submitted to the jury. Following Collins v. State, 259 S. W. 941.

Appeal from the District Court of Ochiltree County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction of murder; penalty, twenty-five years in the penitentiary.

The opinion states the case.

*E. J. Cussen, Hoover, Hoover & Willis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted on the 8th day of November, 1924, in district court of Hemphill County charged with

murdering Clyde Williams on or about the 12th day of October, 1924, and on change of venue was tried in district court of Ochiltree County November 17, 1924, and convicted on the 19th of November 1924 of murder and his punishment assessed at twenty years confinement in the penitentiary.

Briefly stated, the record discloses that the appellant is a negro and the deceased was a white man, and at the time of the homicide the appellant, deceased and quite a number of negroes were constructing a bridge in Hemphill County, and on the night of the homicide, the appellant and O. C. Moore, commonly called ''Whitechile'' became involved in a quarrel over a crap game and the said Moore called in the deceased to settle the controversy, which the deceased decided in favor of said Moore, but said defendant and Moore continued in their quarrel over said game and said Moore started to put the money in his pocket when defendant pulled a pistol which was fired and killed the deceased. The record discloses that when the pistol was discharged, that the witness Moore ran from the house where the playing was going on with the defendant immediately after him, as well as nearly all of the entire occupants in said house and around said game.

It was the contention of the State that the defendant shot and killed the deceased on account of the decision made against him over the controversy in the crap game, while the defendant contended that he was on friendly terms with the deceased and had been threatened by the witness Moore, and that he drew his gun for the purpose of frightening the witness Moore and to keep him from taking money, and that the gun was accidentally discharged which killed the deceased and that he, defendant, did not know that he had shot the deceased until a few minutes later when he was informed by one Mansfield and one Dixon, a couple of negroes, to his great surprise which he expressed to them, and that they advised him that if he did not leave that the white people of the vicinity would resent it and it would cause all the negroes working on the bridge to be involved, and on account of the fear of the defendant of the white people and for the protection of the other negroes, he left the scene of the homicide and was arrested at Amarillo thereafter and was not brought back to Hemphill County, until the 8th of November, 1924, at which time, he was billed by the grand jury. The above statement of facts is sufficient as a basis for this opinion.

When this case was called for trial on the 17th of November, 1924, the record discloses that appellant made his first motion for continuance for want of the testimony of Buster Mansfield and Jim Dixon, alleging and showing that he had been confined in jail since his arrest and up to the time of the returning of the indictment on November, 8, 1924, and that he was without the assistance of

counsel until the said date, and that he was a stranger and a negro, and owing to the excitement created by reason of his having shot the deceased, that he was kept in jail in a different county from the scene of the homicide for protection, and that he caused a subpoena to issue to Hemphill County as soon as he was indicted, for said witnesses and that the sheriff had been unable to find them and that he, the defendant, and his lawyers, began at once to try to locate said witnesses and had not learned of their location until the 15th of November, 1924, and that they were found to be in Lexington, Mo. and setting up in said motion for continuance that said witnesses had left the county of the homicide and that he expected to prove by said witnesses of threats made by the prosecuting witness Moore against him and that within about two minutes after the shooting, said witnesses informed him of his having shot the deceased, and they would testify to his expressing surprise and stating that he didn't know that he had shot him and didn't intend to shoot him nor intend to shoot anybody, and that he was advised by said witnesses to leave on account of the excitement; and that he further expected to show by said witnesses that the pistol in question was easy on trigger and further expected to show by said witnesses that he stated that said pistol went off accidentally, and at the time of the homicide that the defendant was directing all of his remarks to the prosecuting witness Moore, and not to the deceased, and that he expected to obtain said testimony either by deposition or have said witnesses present at the next term of court. The State's contention being in part that the defendant fled from the scene of the homicide which was a circumstance of guilt, and the defendant stated in said application for continuance that he expected to show by the witnesses in rebuttal that it was on account of the advice that the witnesses gave him to leave, and the protection of the other negroes and himself against mob violence that caused him to leave.

The court overruled this motion for continuance and the appellant upon the trial testified to the facts as above stated, and the prosecuting witness Moore also testified that within about two minutes after the shooting he saw the defendant talking to said absent witnesses on the outside of the building.

The failure of the court to grant the motion for continuance was also set up as a basis for new trial.

After a careful examination of this entire record, we are of the opinion that the defendant and his attorneys have shown due diligence in an effort to secure this testimony and same would be very material to the defendant's defense in the case, and a portion of which would be res gestae, and the court was in error in overruling same. Mansell v. State, 182 S. W. 1137; Covington v. State, 201 S. W. 179; Mickle v. State, 213 S. W. 665.

The appellant complains of the action of the court in bill of exception No. 2 in refusing to permit the witness Laurence, who was a witness to the homicide and saw and heard all that was done and' said up to the time of the shooting, to testify that the pistol was discharged accidentally, was the impression made upon him, based upon all the facts and circumstances of the case. In support of this contention, we are cited to the case of Mason v. State, 183 S. W. 1153, and the Latham case therein cited. This court criticised the principle laid down in both of those cases, in the case of Dunne v. State, 263 S. W. 608. We are of the opinion that those cases are distinguishable from the instant case, in that the witnesses in those cases were called upon to state what impression the actions of the deceased had upon them at the time of the homicide; while in the instant case it was proposed to show· by the witness Laurence after the whole transaction was over and from all that he saw and heard that it appeared to him that the shooting was accidental. This proposed testimony would have permitted the witness to have given his opinion on the main issue in the case, which the jury alone should decide. We are of the opinion that there was no error in excluding this evidence.

The appellant complains of the action of the court in the fifth paragraph of his charge on murder and to the following portion of same: "*and assess his punishment at death, or confinement in the State penitentiary for some period of time of not less then five years, unless you find the defendant not guilty under instructions hereinafter given you."

The vice alleged to be in said portion of said charge is that the court should have stated that unless they believed from the evidence that he acted in self defense or that the pistol was accidentally discharged, or that he was guilty of manslaughter. In other words, the contention is that the jury would be misled by that portion of the charge and think that the court meant thereby that they would have to find the defendant guilty of murder regardless of his defenses urged in this case, while the court informs the jury that they will find him guilty of murder "unless you find the defendant not guilty under instructions hereinafter given you." We believe upon another trial the court should follow the form and the law as laid down by Judge Ramsey in the case of Best v. State, 125 S. W. 910; Kincaid v. State, 145 S. W. 597.

· There is also complaint urged against the court's charge in paragraph seven thereof on manslaughter, wherein the court charges the jury:"

"That it is not enough that the mind is merely agitated by passion arising from some other provocation, or a provocation given by another, other than the party killed."

The record in the case discloses without controversy that the witness C. C. Moore and the defendant were in a quarrel over money on the crap game and had had some trouble just previous thereto over another gambling transaction in which it is alleged that Moore had made some threats against the defendant, and we think the contention of the appellant in this case on the application of the court's charge in this particular and in confining it to the deceased alone was error, and should have applied the law to the facts in this case. Wilson v. State, 156 S. W. 1185. Anderson v. State, 214 S. W. 353.

There is also complaint urged against paragraph 14-a of the court's charge, which is as follows:

"You are further charged that homicide is excusable when the death of a human being happens by accident. Therefore, if at the time the defendant drew his pistol he did so with no intention to shoot the witness C. C. Moore (White Chile) or the deceased Williams, and in drawing his pistol it was discharged accidentally or unintentionally and thereby killed the deceased Williams, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, not guilty." because same limits the discharge of the pistol to an accidental shooting, while it is contended that if he drew the pistol with intent to shoot but did not intentionally shoot same, and it went off accidentally then he should be acquitted and was entitled to a charge upon accidentally discharging of the pistol without any qualified statements thereto, and in keeping with said contention, we are cited by the appellant to the case of McPeak v. State, 187 S. W. 756. We believe that the court, in view of said decision, should frame his charge in keeping with the law as laid down therein, upon another trial of this case.

It is also urged that the court erred in not charging the jury on the issue of self defense. It appears from the record as before stated, that the witness Moore and defendant had had some trouble over a prior game in which it is alleged that the witness had threatened the defendant, and it is contended by the appellant that just prior to the homicide that said Moore was wrongfully taking his, defendant's, money and refused to give it to him, and called him a son-of-a-bitch and threatened to hit him in the mouth, when the defendant drew his gun to protect himself and to prevent said Moore from taking his money off the table. The record also discloses that defendant was a one armed negro, and that Moore was much more powerful physically than the defendant and was liable to execute threats by him made. We believe that in the condition that the record is presented to us that upon another trial this court should submit the issue of self defense. We are not unmindful of the fact that the defendant testified that he didn't intend to shoot anybody but drew his pistol as

a bluff but on the other hand he testified that he drew it to protect himself and as this court has heretofore held that where the defendant testifies that he was acting in self defense and other portions of his testimony indicates that there is no self defense in the case, still it is a matter for the jury and the court under such circumstances should submit the issue for the jury to pass upon. Collins v. State, 259 S. W. 941.

There are other complaints raised to the charge of the court in that it does not affirmatively present the issues of the defendant in an untrammeled manner. This court has held that the trial court should present the defense in an affirmative manner so as to leave the jury untrammeled in passing upon such issues. McPeak v. State, 187 S. W. 756, supra. We suggest upon another trial of this case, on defensive issues that the learned trial court frame his charge so as to follow the rule announced in McPeak case, supra.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant has filed a request asking us to amplify out original opinion. It appears to us that same is plain, and sets forth that on another trial, if one should be had, the defense may not prove by witnesses other than appellant that it appeared to them that the pistol went off accidentally, nor that they deemed the shot a sray shot. As to the proposition that any witness may testify as to the direction a gun is pointed when it is fired, it would scarcely seem necessary for this court to lay down any rule regarding so plain a matter. In the Dunne case referred to in our original opinion, we discussed both the Latham and Mason cases and affirmed our view that they are not supported by the authorities, and we declined to follow them in any attempted application of the rule laid down. We do not think they have any application to the facts in the instant case.

The motion of appellant will be denied.

*Motion denied.*