**William Harold JORDAN, Jr.,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–88–473–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 30, 1989.

Discretionary Review Refused
April 11, 1990.

Stanley G. Schneider, W. Troy McKinney, Houston, for appellant.

Jose I. Gonzalez–Falla, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

MURPHY, Justice.

William Harold Jordan, Jr. appeals his conviction for involuntary manslaughter. In twelve points of error, Jordan claims error in the jury charge, in the prosecutor's jury argument, and in the State's use of its peremptory challenges. Because we find that the trial court erred in failing to apply self-defense to involuntary manslaughter in the jury charge, we reverse and remand.

On the evening of May 6, 1987, Jordan had stopped his Yellow Cab at a stop sign on North Spring Drive to make entries in his cab log or manifest. A truck, driven by the deceased, James Parker, approached Jordan's cab from the rear and then pulled around and passed. Jordan testified that the truck went through the intersection and stopped. Jordan testified that he then proceeded through the intersection and attempted to pass Parker's truck, but Parker got out of his truck and allegedly kicked Jordan's cab. Jordan stopped his cab in front of the truck to inspect any damage.

When Jordan saw Parker standing at his truck, Jordan grabbed his pistol, cocked it (the gun would only fire when cocked), and got out of his cab. Jordan and Parker began arguing and shoving each other. Jordan pointed the gun at Parker's chest and told Parker to stop pushing him. The two men continued to argue and shove each other and Jordan testified that Parker became more aggressive. The shoving continued and the gun fired, hitting Parker in the chest. Jordan testified that he did not know whether he pulled the trigger.

Indicted for murder, Jordan pleaded not guilty. The jury received charges on murder, involuntary manslaughter, and criminally negligent homicide, as well as instructions on the justifications of self defense and defense of property. The application paragraph, however, applied self-defense only to murder. The jury convicted Jordan of involuntary manslaughter.

In point of error one, Jordan contends the trial court erred in failing to apply the law of self-defense to the facts of involuntary manslaughter. Because we sustain this point of error, we do not address the remaining eleven points.

The jury charge in this case initially defined the offense of murder and the lesser included offenses of involuntary manslaughter and criminally negligent homicide. The charge then instructed the jury regarding the law of self-defense. Finally, the charge applied self-defense to the offense of murder but not to the lesser included offenses. Appellant objected to the charge in failing to apply self-defense to involuntary manslaughter or to criminally negligent homicide, but the court overruled these objections.

When an appellant claims jury charge error, the appellate court must determine whether the charge was erroneous, and if so, whether the error was harmful to the accused. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). If the appellant timely objected to the claimed error, an appellate court finding error may affirm only if no harm resulted to the accused. *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986). Since Jordan timely objected to the failure to apply self-defense to involuntary manslaughter in the jury charge, we must determine if this omission was erroneous, and if so, whether the error harmed the appellant. *See id.*

In addition to presenting definitions or abstract statements of the law, a jury charge must apply the law to the facts of the case. *See Doyle v. State,* 631 S.W.2d 732, 737 (Tex.Crim.App.1980) (opin-

ion on motion for rehearing). In reviewing a charge, the appellate court is to read the charge as a whole in order to "flesh out and explain the application paragraph." *Id.* at 738. Although failure to apply self-defense to the facts of the case constitutes fundamental error, *Fennell v. State*, 424 S.W.2d 631, 632–33 (Tex.Crim.App.1968), the failure to apply self-defense to a lesser included offense is not fundamental error. *Didion v. State*, 625 S.W.2d 436, 438 (Tex. App.—Houston [14th Dist.] 1981, pet. ref'd). Since Jordan timely objected to the court's failure to apply self-defense to the lesser included offenses, he need only show harmful error and not fundamental error. *See Almanza*, 686 S.W.2d at 171.

In *Ross v. State*, 763 S.W.2d 897, 902 (Tex.App.—Dallas 1988, pet. ref'd), the trial court failed to apply self-defense to the lesser included offenses, including voluntary manslaughter, the offense of which Ross was convicted. Although Ross timely objected, the appellate court found that the failure to apply self-defense to voluntary manslaughter was not error, or alternatively, was not harmful error because the charge contained the following instruction: "It is a defense to this prosecution if the defendant's conduct was justified by law. *This applies to any alleged offense set forth in the court's charge.*" *Id.* (emphasis in original). The *Ross* court reasoned that this instruction adequately advised the jury to apply self-defense to voluntary manslaughter. *Id.* at 903. Therefore, in *Ross*, the failure to apply self-defense individually to each lesser included offense did not mislead the jury as to the applicability of self-defense to voluntary manslaughter. *Id.*

■ Unlike the charge in *Ross,* the charge in the instant case did not include an instruction advising the jury of the applicability of self-defense to all of the charged offenses. Rather, the charge defined self-defense and then applied self-defense only to murder, and not to involuntary manslaughter, the offense of which Jordan was convicted. Absent any instruction advising the jury of their duty to apply self-defense to each of the charged of-

fenses, we find the application paragraph of this charge to be misleading. Had the trial court specifically applied self-defense to involuntary manslaughter or instructed the jury that self-defense was applicable to all charged offenses, the jury may have found Jordan's conduct justified on the ground of self-defense.

The state argues that the failure to apply self-defense to involuntary manslaughter was not error because evidence raising involuntary manslaughter is inconsistent with a claim of self-defense. In support of this contention, the state cites to *Stewart v. State*, 587 S.W.2d 148 (Tex.Crim.App.1979); *Brooks v. State*, 548 S.W.2d 680 (Tex.Crim. App.1977); *Centamore v. State*, 632 S.W.2d 778 (Tex.App.—Houston [14th Dist.] 1982, no pet.); and *Gonzales v. State*, 632 S.W.2d 899 (Tex.App.—Dallas 1982, pet. ref'd). We find no support in these cases for the state's contention.

Although the jury charges in each of these cases included self-defense, the trial courts refused to include an involuntary manslaughter charge. *See Stewart*, 587 S.W.2d at 151; *Brooks*, 548 S.W.2d at 682–83; *Centamore*, 632 S.W.2d at 779–80; *Gonzales*, 632 S.W.2d at 901. The appellate courts found no error in this omission, not ·due to the evidence raising self-defense, but because the appellants failed to meet the evidentiary requirement for a charge on this lesser included offense. *See Stewart*, 587 S.W.2d at 151; *Brooks*, 548 S.W.2d at 683–84; *Centamore*, 632 S.W.2d at 781; *Gonzales*, 632 S.W.2d at 902. Thus, the cases cited by the state do not support the proposition that evidence raising self-defense precludes a charge on involuntary manslaughter, nor do these cases support the converse proposition that evidence raising involuntary manslaughter precludes a claim of self-defense.

The dissent contends the trial court did not err because the intentional conduct involved in self-defense is inconsistent with the reckless conduct of involuntary manslaughter. The Penal Code defines recklessness as follows:

A person acts recklessly, or is reckless, with respect to circumstances surround-

ing his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1974). In *Thomas v. State,* 699 S.W.2d 845, 850 (Tex.Crim.App.1985), the court noted that "[e]vidence that a defendant knows a gun is loaded, that he is familiar with guns and their potential for injury, and that he points a gun at another, indicates a person who is aware of a risk created by that conduct and disregards that risk." Thus, under *Thomas,* Jordan's actions in pointing a loaded gun at the deceased indicate conscious disregard of a risk or recklessness.

Self-defense allows an accused to justify his admitted commission of the offense and thereby absolve himself of criminal responsibility. *See Sanders v. State,* 707 S.W.2d 78, 81 (Tex.Crim.App.1986). Thus, evidence that the accused pulled a loaded gun and pointed it at the other person in self-defense constitutes evidence justifying the risk that death or injury will result.

Texas courts have held that where an accused testifies to pointing a gun at the deceased in self-defense, but denies intentionally shooting the deceased, it is error not to include self-defense in the jury charge. For example, in *Harris v. State,* 101 Tex.Crim. 33, 274 S.W. 568, 569 (1925), the appellant testified that he drew his gun in self-defense, but the gun discharged accidentally. Finding error in the trial court's refusal to include self-defense in the charge, the court reasoned:

We are not unmindful of the fact that the defendant testified that he did not intend to shoot anybody, but drew his pistol as a bluff; but, on the other hand, he testified that he drew it to protect himself, and as this court has heretofore held that, where the defendant testifies that he was acting in self-defense and other portions of his testimony indicate that there is no self-defense in the case, still it is a matter for the jury, and the court under such circumstances should submit the issue [to] the jury to pass upon.

*Id.* at 571. *See also Sanders v. State,* 632 S.W.2d 346, 348 (Tex.Crim.App.1982); *Garcia v. State,* 492 S.W.2d 592, 595–96 (Tex. Crim.App.1973); *Merritt v. State,* 85 Tex. Crim. 565, 213 S.W. 941, 942 (1919); *Carden v. State,* 62 Tex.Crim. 607, 138 S.W. 396, 397 (1911). Thus, Texas case law clearly allows a charge on self-defense when raised by the evidence, even if the accused claims he did not intentionally pull the trigger. *See Sanders,* 632 S.W.2d at 348. The right of self-defense attaches when an accused finds himself in a situation "causing him to have a reasonable expectation or fear of death or serious bodily injury," *Id.* (quoting *Merritt,* 213 S.W. at 942), and this right of self-defense is not lost simply because the accused claims the gun discharged accidentally. *Id.* Thus, we see no justification in denying Jordan the right of self-defense, as would the dissent, simply because he testified that he did not know whether he pulled the trigger or the gun fired accidentally.

■ Had the jury charge clearly applied self-defense to involuntary manslaughter, the jury may have found Jordan's actions justified on the ground of self-defense. Because the charge applied self-defense only to murder, the charge may have misled the jury as to the applicability of self-defense to any lesser included offenses, including involuntary manslaughter. Therefore, we find error in the trial court's failure to apply self-defense to involuntary manslaughter in the jury charge. Because we cannot say that as a result of this error no harm to Jordan resulted, *see Arline,* 721 S.W.2d at 351, we must reverse the judgment of the trial court.

Accordingly, we reverse the judgment of conviction and remand the cause to the trial court.

ROBERTSON, Justice, dissenting.

The majority opinion holds that the trial court erred in failing to apply the law of self-defense to involuntary manslaughter. The result of this holding is that a person may defend himself (ie: intentionally engaging in conduct) by recklessly engaging in conduct. To me this is not only inconsistent, but also impossible. I, therefore, respectfully dissent.

A person commits involuntary manslaughter if he recklessly causes the death of an individual. TEX.PENAL CODE ANN. § 19.05 (Vernon Supp.1989). Self-defense in a homicide, on the other hand, involves a claim that the killing was by an *intentional* act necessary because of apprehension of death or serious bodily injury. *See Whitehead v. State*, 450 S.W.2d 72, 83 (Tex.Crim.App.1969) (Opinion on Second Motion for Rehearing).

In the instant case, the facts giving rise to a charge on involuntary manslaughter were that the gun held by appellant fired during a shoving match with the deceased and that appellant did not intend to shoot his victim. During oral submission, counsel for appellant argued that the theory of self-defense gave appellant the right to pull the gun on the deceased. He further argued that the actual firing of the weapon, though unintentional, was merely a continuation of the affirmative act of initially drawing the pistol.

It appears to me that the error in both appellant's argument and the majority opinion lies in the emphasis on the actual firing of the weapon. After the adoption of our present penal code in 1974, the fact that a person may act "unintentionally" is of no consequence—he still commits an offense, provided he acts with knowledge, recklessness or negligence. *Dockery v. State*, 542 S.W.2d 644, 649 (Tex.Crim.App. 1975). Therefore, whether appellant intended to pull the trigger and thus fire the weapon is immaterial. As stated by the court in *Williams v. State*, 630 S.W.2d 640, 644 (Tex.Crim.App.1982), "[I]t must be recognized that the term 'intentional' had a much different meaning in the law of accident under the former penal code than it

now has in the law of culpable mental states under the present penal code." The *act* or *conduct* of appellant which renders him subject to criminal liability is not the firing of the weapon; rather, it is his intentional brandishing of the pistol.

When the situation is viewed in this light, I agree that appellant may have had the right to intentionally pull the weapon under a theory of self-defense. His reckless *handling* of the weapon, however, simply cannot be viewed as an affirmative act of self-defense. I believe the Missouri court of appeals best answered the question presented by this record when it held:

> Self-defense might justify producing the weapon to prevent being attacked by Inman, but would not justify the reckless handling of it. Defendant was not entitled to the instruction on self-defense.

*State v. Miller*, 772 S.W.2d 782, 784 (Mo. App.1989). Appellant's conviction for involuntary manslaughter, which involves the culpable mental state of recklessness, is simply incompatible with a theory of self-defense.

An additional problem with the majority opinion is that to reach the conclusion that self-defense is a defense to involuntary manslaughter, it relies upon cases which hold that under appropriate facts, both a charge on self-defense and accident may be necessary. Since the adoption of the penal code in 1974, however, accident is no longer a defense to a criminal charge. *Williams v. State*, 630 S.W.2d 640, 644 (Tex.Crim. App.1982). It follows, therefore, that the cases upon which the majority relies are no longer authority for the proposition for which they are cited.

By this discussion, I do not intend to imply that no defensive theory was available to appellant under the charge of involuntary manslaughter. In fact, the trial court instructed the jury in the instant case to acquit appellant if his actions were not voluntary as follows:

> You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. Conduct is not rendered involuntary merely because the

person did not intend the results of his conduct. Therefore, if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, William Harold Jordan, Jr., did cause the death of James Parker by shooting him with a deadly weapon, namely a firearm, as alleged in the indictment, but you further believe from the evidence that the shooting was the result of the pushing of a firearm against the complainant, James Parker, or the complainant, James Parker, pushing the firearm with his hand, causing the discharge of the firearm and not the voluntary act or conduct of the defendant, you will acquit the defendant and say by your verdict, "Not guilty."

However, if you find from the evidence beyond a reasonable doubt that the defendant, William Harold Jordan, Jr., did cause the death of James Parker by the voluntary act or conduct of shooting James Parker with a firearm, then you must find against the defendant, William Harold Jordan, Jr., on the issue of an involuntary act or conduct.

While not a model charge, this adequately protected appellant's rights.

I dissent.