NUMBER 13-08-00409-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MANUEL CHAPA GARCIA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 214th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza 


Memorandum Opinion by Justice Rodriguez


 

 Appellant Manuel Chapa Garcia challenges his conviction for manslaughter
following a jury trial, for which he was sentenced to ten years' incarceration. See Tex.
Penal Code Ann. § 19.04 (Vernon 2003). By one issue, Garcia argues that the trial court
denied his due process rights under the United States Constitution when it refused to allow
him to present evidence at trial, related to his self-defense theory, that the deceased was
the first aggressor. We affirm.

I. Background (1)

 Garcia was indicted for murder in connection with an altercation at a Denny's
restaurant in Corpus Christi, Texas, in which he punched the deceased who fell back, hit
his head, and died from that injury. At trial, Garcia raised the issue of self-defense, arguing
that the deceased was the first aggressor. The jury was charged on the indicted offense
of murder and also on the lesser-included offenses of aggravated assault, manslaughter,
and criminally negligent homicide. A self-defense instruction was included in the jury
charge. The jury returned a guilty verdict on manslaughter alone, sentenced Garcia to ten
years' incarceration in the Institutional Division of the Texas Department of Criminal
Justice, and assessed a $10,000 fine. This appeal followed.

II. Discussion

 By one issue, Garcia complains that his constitutional rights were violated by the trial
court's exclusion of evidence of the deceased's prior violent acts, which he argues would
have shown that the deceased was the first aggressor and was thus relevant and vital to
Garcia's self-defense theory. 

 The exclusion of a defendant's evidence can amount to a violation of the right to
compel the attendance of witnesses in the defendant's favor, but not every erroneous
exclusion of a defendant's evidence amounts to a constitutional violation. Potier v. State,
68 S.W.3d 657, 659 (Tex. Crim. App. 2002) (en banc); see U.S. Const. amend. VI. 

 There are two circumstances in which the improper exclusion of evidence
may establish a constitutional violation: (1) when a state evidentiary rule
categorically and arbitrarily prohibits the defendant from offering relevant
evidence that is vital to his defense; or (2) when a trial court erroneously
excludes relevant evidence that is a vital portion of the case and the
exclusion effectively precludes the defendant from presenting a defense.


Ray v. State, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005) (citing Potier, 68 S.W.3d at 659-62; Wiley v. State, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002)). If the error is found to be
of constitutional proportions, we "must reverse [the] judgment of conviction or punishment
unless [we] determine[] beyond a reasonable doubt that the error did not contribute to the
conviction or punishment." Tex. R. App. P. 44.2(a).

 "A defendant in a homicide prosecution who raises the issue of self-defense may
introduce evidence of the deceased's violent character." (2) Torres v. State, 71 S.W.3d 758,
760 (Tex. Crim. App. 2002) (citing Tex. R. Evid. 404(a)(2); Tate v. State, 981 S.W.2d 189,
192-93 (Tex. Crim. App. 1998) (en banc); Thompson v. State, 659 S.W.2d 649, 653 (Tex.
Crim. App. 1983)). In this case, however, Garcia was convicted of manslaughter, an
offense for which the affirmative defense of self-defense is unavailable. 

 A person commits the offense of manslaughter "if he recklessly causes the death
of an individual." Tex. Penal Code Ann. 19.04(a). The penal code makes self-defense
unavailable to a defendant who recklessly injures or kills an innocent third person; in other
words, self-defense requires intentional conduct. See id. § 9.05 (Vernon 2003), § 9.31
(Vernon Supp. 2009). One cannot "recklessly" act in self-defense. See id. §§ 9.05, 9.31;
see also Hayes v. State, 161 S.W.3d 507, 508 n.3 (Tex. Crim. App. 2005). It is therefore
unnecessary for this Court to decide whether the evidence of the deceased's past specific
acts of violence was admissible and the trial court's decision to exclude it was
erroneous--here, Garcia appeals his conviction for manslaughter, and the only relevance
of this evidence was to the murder charge, for which Garcia was acquitted by the jury. (3) 
See Hayes, 161 S.W.3d at 509 (refusing to reach appellant's claim that the trial court erred
in excluding past acts of violence by the deceased because the jury acquitted appellant of
murder and convicted him of manslaughter alone); see also Fuller v. State, No.
01-06-01077-CR, 2008 WL 4427653, at *4 (Tex. App.-Houston [1st Dist.] Oct. 2, 2008, no
pet.) (mem. op., not designated for publication) (holding that jury could not have found that
appellant acted in self-defense after determining that he acted recklessly because
self-defense does not apply to a reckless act). We overrule Garcia's issue.

III. Conclusion

 The judgment of the trial court is affirmed.

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 25th

day of August, 2010.

1. Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See
Tex. R. App. P. 47.4.
2. This evidence may be introduced in the form of opinion or reputation testimony to prove the victim
acted in conformity with his violent nature. Tex. R. Evid. 405(a). A defendant may introduce specific violent
acts of misconduct to show the reasonableness of his fear or that the deceased was the first aggressor, but
to be admissible, those acts must be relevant apart from their tendency to show character conformity. Torres
v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002) (citing Tex. R. Evid. 404(b); Mozon v. State, 991 S.W.2d
841, 845-46 (Tex. Crim. App. 1999); Tate, 981 S.W.2d at 193)). "[S]pecific, violent acts are relevant apart
from showing character conformity" if the acts "demonstrat[e] the deceased's intent, motive, or state of mind." 
Id. at 760-61 (citations omitted). 
3. We note that in some cases, under facts and circumstances not present here, evidence raising a
manslaughter instruction may not preclude the application of a self-defense instruction. See, e.g., Jordan v.
State, 782 S.W.2d 524, 527 (Tex. App.-Houston [14th Dist .] 1989, pet. ref'd) (stating that Texas law allows
a "charge on self-defense when raised by the evidence, even if the accused claims he did not intentionally pull
the trigger") (citing Harris v. State, 101 Tex. Crim. 33, 274 S.W. 568, 569 (1925)) (other citations omitted).